### In re DAWSON.

#### (Circuit Court, D. New York. April 30, 1900.)

INTERNATIONAL EXTRADITION—DELAY IN REMOVAL OF PRISONER—DISCHARGE.

Under Rev. St. U. S. § 5273, providing that, if a person committed for extradition is not delivered up and conveyed out of the United States within two calendar months after commitment, it shall be lawful for any judge of the United States to order him discharged out of custody, unless sufficient cause be shown why such discharge should not be ordered, one who has been arrested as a fugitive from justice from a foreign country, and detained for more than two months in jail without trial, is entitled to be discharged, though at the time of the application an officer from the country asking extradition is on his way to remove the prisoner, where, with reasonable diligence, the officer might have been present before the application was made, and no sufficient cause is shown why he has been delayed.

Chas. Fox, for British consul general.

James Dawson, in pro. per.

LACOMBE, Circuit Judge. The facts in the case are as follows: On February 20, 1900, the British consul general at New York made a complaint charging that one James Dawson did heretofore, at Durban, South Africa, commit the crime of embezzlement of the sum of £700; that he was a fugitive from justice, and now within the territory of the United States. Upon such complaint a warrant was issued by the United States commissioner for the Southern district of New York, duly authorized to act as commissioner concerning extraditions. Dawson was arrested, and on February 21, 1900, was brought before the commissioner. The prisoner waived examination, and requested that he be sent back to South Africa, that he might there meet the charges against him. The commissioner thereupon committed Dawson for extradition, pursuant to the provisions of said treaty, and from the 21st day of February, 1900, until to-day he has been held by the marshal and kept in jail. The prisoner has appealed to the court, stating that he is totally without means to employ counsel, and praying to be discharged.

It is provided by section 5273, Rev. St. U. S., that whenever a person who is committed for extradition, to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed by the readiest way out of the United States, it shall be lawful for any judge of the United States, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable

notice of the intention to make such application has been given to the secretary of state, to order the person so committed to be discharged out of custody, unless sufficient cause be shown to such judge why such discharge ought not to be ordered. A reasonable notice of the intention to make this application in behalf of Dawson has been given to the secretary of state, who has transmitted a copy of some correspondence with the British ambassador. The consul general in New York and his counsel have also been notified, and were heard upon the application; submitting copies of official correspondence. As has been already stated, Dawson was committed for extradition on February 21, 1900, and the commissioner states that upon the same day he notified the counsel for the British consul general who had applied for such commitment. The British consul general thereupon acted with the greatest promptness, and on February 22d, although it was a legal holiday in this state, he telegraphed to the British foreign office, in London, stating that Dawson had been arrested, had waived examination, and was prepared to return, and asking if an officer would be sent. Two days later, on February 24th, the foreign office telegraphed to South Africa, advising the governor of the contents of the dispatch received from the British consul general at New York, and asking what answer should be returned. Certainly the British authorities have acted in the matter with the very utmost promptness. In opposition to the application for discharge, it is now stated that an officer is on the way from South Africa to remove the prisoner, and that he may be expected to reach here about the 12th of May. Had the South African authorities acted with any measure of diligence upon receipt of the dispatch from the foreign office, and even had they taken a week or ten days to select the officer and start him on his way, he could have reached here before the 10th of April. No sufficient cause is shown why the coming of the officer has been so long delayed. There seems to be some suggestion that the authorities in South Africa were expecting that further proceedings in extradition were to be taken, but such a conclusion was certainly not warranted by the telegram of the British consul general, which clearly advised them that all that was wanted from them was their officer. It is to be taken into consideration that the petitioner here interposed no captious objection to the proceeding, nor did he require the demanding government to assume the burden, so often laid upon it, of making at least prima facie proof of the averments of the charge. On the contrary, with commendable frankness, he admitted his identity, and stated his entire willingness to go back to South Africa and stand his trial. Without such trial, or any conviction of the offense, he has now been imprisoned over two months. The case seems a proper one for the exercise of the power conferred by section 5273, and Dawson is hereby discharged out of custody. It certainly seems that he has been imprisoned long enough, awaiting the leisurely movements of the authorities in South Africa.